IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DON C. NEWBY,

    Plaintiff,

v.                                                                                       Civil Action No. **3:16CV944**

**J.R. BROOKS,**

    Defendant.

## MEMORANDUM OPINION

Don C. Newby, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds upon Newby's Particularized Complaint ("Complaint," ECF No. 8). The matter is before the Court on the Motion to Dismiss filed by Defendant J.R. Brooks.[2] (ECF No. 14.) Newby has filed a Response. (ECF No. 18.) For the reasons stated below, the Court will GRANT the Motion to Dismiss.

### I.     STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] Defendant Brooks is an officer with the City of Suffolk, Virginia, Police Department. (Compl. 1.)

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly,

while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte,* statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

In his Complaint, Newby alleges that Defendant Brooks violated his Fourth Amendment[3] rights. Newby alleges:[4]

> At about 02:21 on August 10, 2016, Defendant, Officer J.R. Brooks arrived at Plaintiff's apartment complex where Plaintiff was outside. As soon as Brooks arrived before even approaching Plaintiff, Brooks informed the Plaintiff that he was not free to go and thus seizing Plaintiff without reasonable suspicion in violation of the Fourth and Fourteenth Amendments.
> As Defendant Brooks approached Plaintiff, he informed Plaintiff that he was under arrest for being drunk in public and upon reaching Plaintiff, immediately put Plaintiff in handcuffs.
> Defendant Brooks later stated under oath that he believed that Plaintiff smelled of alcohol and was acting irate, which as a matter of law, does not give rise to the lawful requirement of probable cause to arrest.
> Plaintiff's Fourth and Fourteenth Amendment rights were violated by Defendant Brooks when he was first seized without reasonable suspicion and again when arrested for drunk in public while Plaintiff was at his own apartment complex and Officer Brooks lacked probable cause that the plaintiff was in fact drunk.

---

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Newby also contends that Defendant Brooks's actions violated his Fourteenth Amendment rights. However, the Supreme Court has explained "that where another provision of the Constitution 'provides an explicit textual source of constitutional protection,' a court must assess a plaintiff's claims under that explicit provision and 'not the more generalized notion of substantive due process.'" *Conn v. Gabbert,* 526 U.S. 286, 293 (1999) (some internal quotations omitted) (quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)). Newby's claims fall under the ambit of the Fourth Amendment. Accordingly, the Court considers his claims under the Fourth Amendment only.

[4] The Court corrects the spelling and punctuation in quotations from the Complaint.

3

> At the hearing on January 11, 2017 the State Court held that Defendant Brooks had "suspicion at that point that [Plaintiff] might be intoxicated." Yet, that suspicion does not meet the legal standard of probable cause to arrest the Plaintiff.
>
> Once Defendant Brooks and the Plaintiff were before the magistrate at Western Tidewater Regional Jail, Defendant Brooks manufactured a lie that Plaintiff spit on his (Brooks) face and with that lie, manufactured probable cause to charge Plaintiff with assault on a peace officer and although Defendant Brooks' lie was not supported by his own body camera, the other officer's body camera or the many cameras at Western Tidewater Regional Jail, Defendant Brooks still charged the Plaintiff with assault on a peace officer in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

(Compl. 2–3 (alteration in original) (internal paragraph numbers omitted).) The exhibits attached to Defendant Brooks's Motion to Dismiss indicate that Plaintiff was found guilty of public intoxication in the City of Suffolk, Virginia, General District Court on October 31, 2016. (Br. Supp. Mot. Dismiss Ex. 3, ECF No. 15–3.)[5] He was assessed a fine of $50.00 and court costs of $101.00. (*Id.*) On January 19, 2017, Newby entered a plea of *nolo contendere* to the felony charge of assault on a law enforcement officer in the City of Suffolk, Virginia, Circuit Court. (*Id.* Ex. 4, ECF No. 15–4.) He was sentenced to five years of imprisonment, with two years and six months suspended. (*Id.*)

In his Complaint, Newby seeks all court costs and attorney's fees, $2,000,000.00 in compensatory damages, $200,000.00 in punitive damages, "an order declaring that the Defendant has acted in violation of the Constitution of the United States," and a requirement "that the Defendant be ordered to take a class on constitutional rights so that individual liberties will be protected." (Compl. at 3.)

---

[5] This Court has noted that "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Rollins v. Kjellstrom & Lee, Inc.*, 109 F. Supp. 3d 869, 873 (E.D. Va. 2015) (alteration in original) (quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006)). All of the documents that Defendant Brooks has attached to his Brief in Support of his Motion to Dismiss are public records from Newby's criminal proceedings, and Newby has not challenged the authenticity of these documents.

The Court construes Newby's Complaint to raise the following claims for relief:

Claim One: Defendant Brooks violated Newby's rights under the Fourth Amendment by seizing Newby without reasonable suspicion. (Compl. 2.)

Claim Two: Defendant Brooks violated Newby's rights under the Fourth Amendment by lacking probable cause to arrest Newby for public intoxication. (*Id.*)

Claim Three: Defendant Brooks violated Newby's rights under the Fourth Amendment by lying about Newby spitting on him to manufacture probable cause for the charge of assault on a law enforcement officer. (*Id.* at 2–3.)

## III. ANALYSIS

Defendant Brooks asserts three reasons why Newby's Complaint should be dismissed: (1) because Newby's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) because Newby has failed to sufficiently allege facts suggesting that Defendant Brooks acted without reasonable suspicion and probable cause; and (3) because Defendant Brooks is entitled to qualified immunity. (Br. Supp. Mot. Dismiss 3–8, ECF No. 15.) As discussed below, *Heck* bars Claim Three, and Newby has failed to allege sufficient facts to plausibly suggest that Defendant Brooks violated his Fourth Amendment rights as argued in Claims One and Two.

### A. *Heck v. Humphrey* Bars Claim Three

Defendant Brooks contends that Newby's claims are barred by the Supreme Court's decision in *Heck* because "Newby's Complaint is nothing more than an attempt to attack the validity of his convictions for public intoxication and assault on a law enforcement officer." (*Id.* at 3.) In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). However, the United States Court of Appeals for the Fourth Circuit has clarified that *Heck* does not bar § 1983 claims implicating the validity of convictions that only result in a monetary fine. *Moravitz v. Anderson*, 644 F. App'x 248, 249 (4th Cir. 2016) (citing *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015); *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999)).

While not explicitly articulated, in all three of his claims, Newby seeks the invalidation or vacation of his criminal convictions. In Claims One and Two, Newby contends that Defendant

Brooks did not have reasonable suspicion to seize him and lacked probable cause to arrest him for public intoxication. As noted above, however, Newby's conviction for public intoxication only resulted in a monetary fine of $50.00. (Br. Supp. Mot. Dismiss Ex. 3.) Because Newby was not sentenced to a term of incarceration for this conviction, *Heck* does not bar Claims One and Two. *Moravitz*, 644 F. App'x at 249.

In Claim Three, Newby contends that Defendant Brooks violated his Fourth Amendment rights by lying about Newby spitting on him to manufacture probable cause for the charge of assault on a law enforcement officer. (Compl. 2–3.) As noted above, Newby was sentenced to five years of incarceration, with two years and six months suspended, for this conviction. (Br. Supp. Mot. Dismiss Ex. 4.) Newby does not articulate, and the Court does not discern, how he could prevail on Claim Three and not simultaneously invalidate the fact of his conviction. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 481, 490 (concluding alleged due process violations barred in § 1983 suit); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996) (noting that to state a plausible § 1983 claim of malicious prosecution for unreasonable seizure of the person in violation of the Fourth Amendment, the defendant must have "seized [plaintiff] pursuant to legal process that was not supported by probable cause and . . . the criminal proceedings [must have] terminated in [plaintiff']s favor").

Because success on Claim Three necessarily implies that Newby's conviction for assault on a law enforcement officer is invalid, under the second prong of the *Heck* analysis, Newby must demonstrate a successful challenge to his conviction. *Heck*, 512 U.S. at 487. Newby makes no such allegations. *See id.* at 486–87. Instead, in his Response, Newby acknowledges that his conviction for assault on a law enforcement officer has not been overturned. (Resp. 3,

7

ECF No. 18.) Thus, *Heck* bars Claim Three. Accordingly, Claim Three will be DISMISSED WITHOUT PREJUDICE.

> **B. Claims One and Two Fail to Allege Sufficiently Fourth Amendment Violations**

In support of his Motion to Dismiss, Defendant Brooks argues that "[e]ven if this Court does not apply *Heck*, Newby's claims should be dismissed for failing to state a claim. Newby's allegations are nothing more than a recitation of the legal conclusions he wants the Court to reach, without factual support." (Br. Supp. Mot. Dismiss 5.) As discussed below, the Court agrees that Newby has failed to state sufficiently a claim for relief under the Fourth Amendment in Claims One and Two.

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Reasonable suspicion equates to "something more than an 'inchoate and unparticularized suspicion or hunch.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal quotation marks omitted) (quoting *Terry*, 392 U.S. at 27). Furthermore, "[p]robable cause is 'defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *Rogers v. Pendleton*, 249 F.3d 279, 290 (4th Cir. 2001) (alteration in original) (internal quotation marks omitted) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)). The Supreme Court has stated that "[t]he principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause." *Ornelas v. United States*, 517 U.S. 690, 696 (1996).

Here, Newby's only allegations are that on August 10, 2016, he was outside of his apartment complex when Defendant Brooks arrived, told Newby that he was not free to go, and informed Newby that he was under arrest for being drunk in public. (Compl. 2.) He alleges that Defendant Brooks later "stated under oath that he believed that [Newby] smelled of alcohol and was acting irate . . . ." (*Id.*) Although Newby criticizes Defendant Brooks's actions, he fails to affirmatively place before the Court a recitation of facts that indicates that Defendant Brooks acted without reasonable suspicion or probable cause sufficient to plausibly suggest a Fourth Amendment violation occurred. *See, e.g., Deavers v. Spotsylvania Cty. Sheriff's Dep't*, No. 3:14CV365–HEH, 2014 WL 2993445, at *2 (E.D. Va. July 2, 2014) (finding plaintiff failed to state a claim for arrest for public intoxication without probable cause where "nowhere in the Complaint does she unequivocally deny that she was intoxicated at the time of arrest or provide any factual basis to infer that she was not in a public area at the time"). *But see, e.g., Jones v. Jordan*, No. GLR–16–2662, 2017 WL 4122795, at *4–5 (D. Md. Sept. 18, 2017) (finding that plaintiff had sufficiently stated a claim under § 1983 by alleging that defendant officers had no evidence that plaintiff was involved in any criminal activity and because plaintiff did not fit the description of the suspect); *cf. Rogers*, 249 F.3d at 292–94 (concluding that officers were not entitled to qualified immunity for falsely arresting plaintiff for public intoxication when officers entered plaintiff's property at the end of a private road, observed plaintiff drinking a beer in his yard during a family social event, and plaintiff stated he had one beer during the evening but exhibited no signs of intoxication); *Sesito v. DeBrular*, 634 F. Supp. 2d 615, 620, 622–24 (E.D. Va. 2009) (citing *United States v. Brown*, 401 F.3d 588, 597 (4th Cir. 2005) (finding arrest for public intoxication was not supported by probable cause when plaintiff was in a private residence

and officers based conclusion that plaintiff was intoxicated solely on perceived "agitation" without any other indicia of intoxication).

Newby seemingly places great weight on the fact that he was outside at his apartment complex when he was stopped by Defendant Brooks. Newby fails to explain, and the Court fails to discern, why Newby believes that he enjoyed some right to not be approached by police for that reason. To the contrary, the mere fact that Newby was outside at his apartment complex when he was stopped by Defendant Brooks does not demonstrate that Defendant Brooks lacked either reasonable suspicion or probable cause to stop Newby and arrest him for being drunk in public. *See United States v. Correa*, 653 F.3d 187, 190–92 (3d Cir. 2011) (concluding no objectively reasonable expectation of privacy in common area of an apartment building); *see also Deavers*, 2014 WL 2993445, at *2 (concluding that plaintiff who stated she "stepped out of her garage and became belligerent" failed to allege sufficient facts to indicate that she was not in public); *United States v. Garner*, 416 F.3d 1208, 1214 (10th Cir. 2005) (concluding that a report of an unconscious man in a field outside of an apartment complex provided officer with reasonable suspicion "to investigate a possible public intoxication offense"); *Clagett v. Commonwealth*, 472 S.E.2d 263, 268 (Va. 1996) (officer had probable cause to arrest defendant for public intoxication after defendant was "discovered 'passed out' in the shrubbery of an apartment complex").

Newby's limited factual allegations against Defendant Brooks fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)). Because Newby fails to sufficiently allege facts indicating that Defendant Brooks lacked reasonable suspicion to stop

him and lacked probable cause to arrest him for public intoxication, Claims One and Two will be DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION

For the foregoing reasons, Defendant Brooks' Motion to Dismiss (ECF No. 14) will be GRANTED. Newby's claims and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9/28/17
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge